*This opinion will be unpublished and may not be cited except as provided by Minn. Stat. § 480A.08, subd. 3 (2012).*

**STATE OF MINNESOTA**
**IN COURT OF APPEALS**
**A13-1999**

Amanda Elizabeth Walz, petitioner,
Appellant,

vs.

Commissioner of Public Safety,
Respondent.

**Filed August 18, 2014**
**Affirmed**
**Smith, Judge**

Becker County District Court
File No. 03-CV-13-1244

Richard C. Kenly, Kenly Law Office, Backus, Minnesota (for appellant)

Lori Swanson, Attorney General, Elizabeth Oji, Assistant Attorney General, St. Paul, Minnesota (for respondent)

Considered and decided by Smith, Presiding Judge; Halbrooks, Judge; and Hudson, Judge.

## UNPUBLISHED OPINION

**SMITH**, Judge

We affirm the district court's order sustaining the revocation of appellant's driver's license because appellant's consent to a breath test was not unconstitutionally coerced.

**FACTS**

In the early morning hours of June 1, 2013, police stopped appellant Amanda Elizabeth Walz after observing her vehicle repeatedly crossing the fog line and striking the rumble strips along the side of the road. A police officer detected the odor of an alcoholic beverage emanating from Walz's car and observed that Walz had bloodshot and watery eyes and that her speech was slurred. The officer conducted a preliminary breath test, obtaining a result of .197. The officer arrested Walz for DWI.

After arresting Walz, the officer read her the implied consent advisory. Walz indicated that she understood the advisory, and she declined to speak with an attorney. Walz submitted to a breath test, which reported an alcohol concentration of .20.

Respondent Commissioner of Public Safety revoked Walz's driver's license. Walz petitioned for judicial review of the revocation, alleging that police had failed to obtain a warrant before chemical testing and that her consent to chemical testing was unconstitutionally coerced. The district court denied the petition and sustained the revocation.

**D E C I S I O N**

Walz argues that the district court erred by denying her petition because her consent to the breath test was unconstitutionally coerced by the threat of criminal sanctions. "When the facts are not in dispute, the validity of a search is a question of law subject to de novo review." *Haase v. Comm'r of Pub. Safety*, 679 N.W.2d 743, 745 (Minn. App. 2004).

The United States Constitution and the Minnesota Constitution guarantee the right to be secure against unreasonable searches and seizures. U.S. Const. amend. IV; Minn. Const. art. 1, § 10. A breath test constitutes a search. *Skinner v. Ry. Labor Execs.' Ass'n*, 489 U.S. 602, 616-17, 109 S. Ct. 1402, 1413 (1989). A warrantless search is unreasonable unless the state proves that an exception to the warrant requirement applies. *State v. Flowers*, 734 N.W.2d 239, 248 (Minn. 2007). Consent is an exception to the warrant requirement; no warrant is necessary when the state shows by a preponderance of the evidence that the subject freely and voluntarily consented to the search. *State v. Diede*, 795 N.W.2d 836, 846 (Minn. 2011). "Whether consent is voluntary is determined by examining the totality of circumstances." *State v. Brooks*, 838 N.W.2d 563, 568 (Minn. 2012), *cert. denied* (U.S. Apr. 7, 2014).

Here the totality of the circumstances shows that Walz consented to the breath test. The police officer's reading of the implied consent advisory put Walz on notice that she had the right to refuse chemical testing. *See id.* at 572 ("[T]he fact that someone submits to the search after being told that he or she can say no to the search supports a finding of voluntariness."). Walz also expressly declined her opportunity to consult with an attorney. *Cf. id.* (noting that "the ability to consult with counsel about an issue supports the conclusion that a defendant made a voluntary decision"). We therefore conclude that Walz voluntarily consented to chemical testing.

Walz argues, however, that her consent was involuntary because it was coerced by the threat of criminal sanctions. She cites *Bumper v. North Carolina*, 391 U.S. 543, 548, 88 S. Ct. 1788, 1792 (1968), to support the argument that consent is not voluntary when it

3

is obtained by the police's claim that they have a legal right to search. The supreme court expressly rejected this argument in *Brooks*, holding that although "the choice to submit or refuse to take a chemical test will not be an easy or pleasant one . . . , the criminal process often requires suspects and defendants to make difficult choices." 838 N.W.2d at 571. It concluded that *Bumper* does not support an argument that the implied consent advisory is unconstitutionally coercive. *Id.* Because Walz's consent was not unconstitutionally coerced, the district court did not err by sustaining the revocation of Walz's driver's license.

**Affirmed.**